WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerrold Dean Broman,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-19-00082-TUC-RM<br><br>**ORDER** |

  On February 19, 2019, Petitioner Jerrold Dean Broman filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, challenging his convictions for sexual exploitation of a minor on the grounds that the indictment failed to identify the minor victims by name. (Doc. 1.) On January 19, 2021, Magistrate Judge Jacqueline M. Rateau issued a Report and Recommendation ("R&R"), recommending that this Court dismiss the Petition as time-barred. (Doc. 25.) Petitioner did not file any objections to the R&R. On February 25, 2021, this Court accepted and adopted the R&R in full and dismissed the Petition with prejudice as time-barred. (Doc. 26.) The Clerk of Court entered judgment the same day. (Doc. 27.)

  Currently pending before the Court is Petitioner's "Motion to Reopen this 2254 Habeas Proceeding." (Doc. 28.) In the Motion, Petitioner states that he relied on the assistance of an inmate to file his Petition but that, at the time Magistrate Judge Bowman issued her R&R, that inmate had been moved, and Petitioner did not find another inmate to assist him until approximately three months after the R&R had issued. (*Id.* at 2, 6.)

He complains about his lack of counsel and limitations on the legal resources and assistance provided by the Arizona Department of Corrections. (*Id.* at 3-7.) Petitioner then argues that his right to access the courts has been impeded by state officials and that he is entitled to equitable tolling because his state-court appointed counsel failed to inform him of the time limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (*Id.* at 8-10.)

Respondents filed a Response, arguing that Petitioner has failed to show excusable neglect or any other reason justifying relief from a final judgment under Federal Rule of Civil Procedure 60(b). (Doc. 31 at 5-7.) Respondents further argue that, even if Petitioner were entitled to relief under Rule 60(b), his objections to Magistrate Judge Bowman's R&R are meritless. (*Id.* at 7-9.) Finally, Respondents argue that, to the extent Petitioner attempts to raise new claims in his Motion to Reopen, this Court lacks jurisdiction to consider them absent authorization from the Ninth Circuit Court of Appeals to entertain a second or successive habeas petition. (*Id.* at 9-10.)

Petitioner filed a Reply, in which he avers that he "barely made it to Eighth grade," "had to take his GED test multiple times to pass," and is incapable of filing a meaningful brief without assistance. (Doc. 32 at 2-3.) He further argues that he cannot fully argue the merits of an objection to Magistrate Judge Rateau's R&R until this case is reopened, but he avers that he filed his § 2254 Petition diligently upon discovering the important facts. (*Id.* at 5.)

**I.  Legal Standard**

The Court may, on "motion and just terms," relieve a party from a final judgment for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  To obtain relief under the catch-all provision of Rule 60(b)(6), "a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).  If a party is at least "partly to blame for the delay, relief must be sought within one year under" Rule 60(b)(1) "and the party's neglect must be excusable."  *Id.* Excusable neglect is "a somewhat elastic concept" and "is not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Id.* at 392 (internal quotation marks omitted).  "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id.* at 395; *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381-82 (9th Cir. 1997) (holding that equitable test set forth in *Pioneer* applies to Rule 60(b)).  The Ninth Circuit has held that "neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)."  *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (internal quotation and alteration marks omitted).

## II.     Discussion

Magistrate Judge Rateau's R&R informed Plaintiff that he had fourteen days from the date of service to file specific written objections with the district court, and it warned Plaintiff that a failure to file timely objections could be considered a waiver of his right to de novo consideration of the issues.  (Doc. 25 at 12.)  Despite these clear instructions and warnings, Plaintiff waited three months before filing any type of response to the R&R. Plaintiff's lack of legal sophistication and alleged lack of access to legal resources and legal assistance in prison does not excuse his failure to timely file objections or, at a minimum, to timely move for an extension of the deadline for doing so.  *See Allmerica*, 139 F.3d at 666; *Birch v. DelPorto*, No. 3:19-cv-00325-MMD-WGC, 2020 WL 1692958,

at *1 (D. Nev. Apr. 6, 2020) (lack of access to legal resources and legal assistance in prison did not prevent plaintiff from filing a timely motion for extension of time); *see also Barth v. Lackner*, No. CV-15-01398-DMG(RAO), 2017 WL 11606900, at *2-3 (C.D. Cal. June 8, 2017) (limited law library access insufficient to justify relief under Rule 60(b)(1) or 60(b)(6)).  Plaintiff has not shown excusable neglect under Rule 60(b)(1), nor has he shown extraordinary circumstances under Rule 60(b)(6), or any other reason justifying relief from the Court's February 25, 2021 judgment.

Even if relief were warranted under Rule 60(b), this Court has already concluded that Magistrate Judge Rateau's R&R is not erroneous (Doc. 26 at 2), and Plaintiff has not shown any "manifest error" or "new facts or legal authority" that would warrant reconsideration of that finding.  *See* LRCiv 7.2(g)(1).  As Magistrate Judge Rateau correctly found, "a petitioner's pro se status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling" of AEDPA's statute of limitations.  (Doc. 25 at 10-11.)  *See also, e.g.*, *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (holding that a prisoner's restricted library access did not justify equitable tolling where there was no showing that timely filing was impossible).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Reopen (Doc. 28) is **denied**.  This case shall remain closed.

Dated this 27th day of September, 2021.

_____
Honorable Rosemary Márquez
United States District Judge

- 4 -