**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerrold Dean Broman, | No. CV-19-00082-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On January 19, 2021, Magistrate Judge Jacqueline M. Rateau issued a Report and Recommendation (Doc. 25), recommending that this Court dismiss as time-barred Petitioner Jerrold Dean Broman's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") (Doc. 1). No objections to the Report and Recommendation were filed. On February 25, 2021, this Court adopted the Report and Recommendation and dismissed Petitioner's § 2254 Petition. (Doc. 26.) The Clerk of Court entered judgment on the same date. (Doc. 27.)

Petitioner thereafter filed a Motion to Reopen. (Doc. 28.) On September 27, 2021, this Court denied the Motion to Reopen, finding that Plaintiff had failed to show excusable neglect under Federal Rule of Civil Procedure 60(b)(1) or any other reason justifying Rule 60 relief from the Court's February 25, 2021 judgment. (Doc. 33.) Petitioner filed a Notice of Appeal. (Doc. 34.)

On February 16, 2022, the Ninth Circuit Court of Appeals found that Petitioner's appeal appears to arise from this Court's denial of his Rule 60(b) Motion and that it is

subject to the requirements of 28 U.S.C. § 2253(c). (Doc. 37.) The Ninth Circuit accordingly remanded to this Court for the limited purpose of granting or denying a certificate of appealability. (*Id.*)

Unless a certificate of appealability is issued, an appeal may not be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). Where, as here, a certificate of appealability is required to appeal the denial of a Rule 60(b) motion, such a certificate should issue only if "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying [habeas proceeding] states a valid claim of the denial of a constitutional right." *United States v. Winkle*s, 795 F.3d 1134, 1143 (9th Cir. 2015); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

The Court declines to issue a certificate of appealability because reasonable jurists would not find it debatable whether this Court abused its discretion in denying Petitioner's Rule 60(b) Motion, nor would they find it debatable whether Petitioner's § 2254 Petition states a valid claim of the denial of a constitutional right. Petitioner alleged in his § 2254 Petition that his due process rights under the Fourteenth Amendment were violated because the State's indictment failed to identify the minor victims by name. (Doc. 1.) Petitioner's allegations do not state a valid claim of the denial of a constitutional right, and his Petition was time-barred without excuse. Furthermore, reasonable jurists would not find debatable this Court's denial of Petitioner's Motion to Reopen, as Plaintiff's lack of legal sophistication is insufficient to establish excusable neglect under Rule 60(b)(1) or any other reason justifying relief under Rule 60(b).

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that this Court declines to issue a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c). The Clerk of Court is directed to send a copy of this Order to the Clerk of the Ninth Circuit Court of Appeals.

Dated this 4th day of March, 2022.

_____
Honorable Rosemary Márquez
United States District Judge